[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO MODIFY (#146)
The original child support order in this matter was $172.00 per week for the support of two minor children. It was entered on October 15, 1997 as part of the judgment dissolving the marriage of the parties. Both parties have testified with regard to the above-captioned motion and an expert witness testified for the defendant in support of his claim of the plaintiff's earning capacity. The court does not find the plaintiff to have an earning capacity at the present time.
At times relevant to this motion, the court finds that the defendant had been employed at a salary of $60,000.00 with a company called Artisoft up until the end of May 2001. In May 2001, the defendant resigned his employment and made an arrangement to be treated as if laid off and began collecting unemployment compensation. In the subsequent period he collected unemployment compensation as well as a salary from part-time employment at Service Merchandise and subsequently Ames Stores. While at Service Merchandise, the exhibits submitted indicate that he made an average net weekly salary of $596.00. While at Ames, he averaged $301.00 net per week.
The court further finds that the defendant had paid to the plaintiff the sum of $5,000.00 in order to help her with the closing costs involved in the purchase of a home. The plaintiff has stipulated that said amount should be applied to defendant's child support obligation. The defendant also claims credits based on past payments for weekly support in excess of the existing order, which weekly support was based on an increase in his salary subsequent to the date of the original judgment. The Court finds that those payments should not be credited in the amount claimed by the defendant.
There has been no direct periodic payment of child support since June of 2001. The court finds that the defendant is entitled to credit for twenty-nine weeks of child support. That credit would cover the period until December 28, 2001. The modification of the child support order was CT Page 11828 timely filed. Calculating the defendant's child support obligation from December 28 until March 7, which were the dates during which he worked at Service Merchandise, he would have been liable for ten weeks at the rate of $168.00 per week. Said rate is based on the net income of $596.00 per week. The arrearage from that time period is $1,680.00.
From March 7, which was the date at which the defendant began employment for Ames until July 6, the date at which the defendant began his new employment at Castel, Inc. The defendant would have been liable based on his income of $301.00 per week for the amount of $84.00 in child support. Seventeen weeks at the rate of $84.00 totals $1,428.00.
Based on the defendant's current income of $968.00 per week gross, the current child support obligation should be $196.00. From July 6 to September 13, the effective date of this order, there has lapsed a period of ten weeks and the arrearage accumulated is $1,960.00.
The total arrearage due in child support with adjustment made for retroactive modification as well as credits claimed and applied is $5,068.00.
Current child support is ordered in the amount of $196.00 per week. Arrearage as of September 13, 2002 in the amount of $5,068.00 as found by the court is ordered paid at the rate of $39.00 per week.
BY THE COURT
 ___________________ Antonio C. Robaina, J.
CT Page 11829